UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

RUSSELL DWAYNE LEWIS,
a/k/a "Clifford Ari Getz"
a/k/a "Clifford Ari Getz Cohen,"
a/k/a "Ari Getz,"
a/k/a "Aryeh Getz"

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

23 Cr. 032 (LTS)

WHEREAS, on or about January 23, 2023, RUSSELL DWAYNE LEWIS (the "Defendant"), was charged in an four-count Information, 23 Cr. 032 (LTS) (the "Information"), with wire fraud in violation of Title 18, United States Code, Sections 1343 and 2 (Counts One through Three); and aggravated identity theft in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Four);

WHEREAS, the Information included a forfeiture allegation as to Counts One through Three of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Information;

WHEREAS, on or about March 29, 2021, law enforcement seized, pursuant to a search warrant, the following property from the Defendant's residence located in Beverly Hills, California:

    a.   the art prints contained in a cardboard tube with a label addressed to "Arit Getz" and "Clifford Getz" identified as Beverly Hills Police Department evidence tag number 67312;

    b.   the art prints contained in a cardboard tube with a FedEx label addressed to "Clifford Ari Getz" identified as Beverly Hills Police Department evidence tag number 67313;

    c.   "I Love You!" painting in a white frame;

    d.   Multicolor "Paris Chagall" artwork in a black frame;

    e.   "Heatwave" by Matt Smiley painting in a black frame;

    f.   "Je Reve" by Matt Smiley canvas;

    g.   Face line art by Pablo Picasso in black frame;

    h.   "Lounging Couple" line arty by Pablo Picasso in gold colored frame;

    i.   Multicolored "Dots" 6x7 painting in white frame;

    j.   "Black & Color" by David Hockney artwork with gold colored frame;

    k.   "2 Faces 2 Limbs" by Keith Haring painting in black frame;

    l.   "Absolut Vodka" by Andy Warhol painting with white fame;

    m.   "Blue Square" artwork with white frame;

    n.   "Face with Black Background" by Joan Miro painting with black frame; and

    o.   "Lady Being Painted" by Pablo Picasso painting with black frame;

(a. through o., collectively, the "Specific Property");

       WHEREAS, on or about June 13, 2023, the Defendant pled guilty to Counts One, Three and Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Three of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $3,788,143.58 in United States currency representing the proceeds traceable to the offenses charged in Counts One and Three of the Information and all of the Defendant's right, title and interest in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $3,788,143.58 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Three of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property as proceeds traceable to the offenses charged in Counts One and Three of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Count One and Three of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States

Attorney, Alex Rossmiller of counsel, and the Defendant, and his counsel, Julie Rendelman, Esq., that:

1.     As a result of the offenses charged in Counts One and Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $3,788,143.58 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Three of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.     As a result of the offenses charged in Counts One and Three of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, RUSSELL DWAYNE LEWIS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.     All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5.     The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.     Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          6/13/23
     ALEX ROSSMILLER                           DATE
     Assistant United States Attorney
     One St. Andrew's Plaza
     New York, NY 10007
     (212) 637-2415


RUSSELL DWAYNE LEWIS

By: _____          6.13.23
     RUSSELL DWAYNE LEWIS                      DATE

By: _____          6/13/23
     JULIE RENDELMAN, ESQ.                     DATE
     Attorney for Defendant
     521 5th Avenue, Suite #1701
     New York, New York 10175


SO ORDERED:

_____              6/13/23
HONORABLE LAURA TAYLOR SWAIN                  DATE
UNITED STATES DISTRICT JUDGE